NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

OTONIEL N. NAVARRETE, *Appellant*.

No. 1 CA-CR 24-0259

FILED 04-03-2025

Appeal from the Superior Court in Maricopa County
No.  CR2024-006233-001
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

---

**W E I N Z W E I G**, Judge:

¶1   Otoniel N. Navarrete appeals his conviction and sentence for sexual conduct with a minor. After searching the record and finding no arguable, non-frivolous question of law, Navarrete's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Navarrete had the opportunity to file a supplemental brief but did not. After reviewing the record, we affirm Navarrete's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2   We view and thus recount the facts in the light most favorable to sustaining the jury's verdicts. *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

¶3   John[1] moved in with Navarrete, his uncle, when he was thirteen and lived with Navarrete until he was fifteen. While living with Navarette, John woke up one night to Navarette performing oral sex on him. John told his sister that night and grandmother the next morning.

¶4   A year after moving out of Navarette's home, John reported this incident to police, who then arrested Navarrete. Navarrete was charged with one count of molestation and two counts of sexual conduct with a minor. *See* A.R.S. §§ 13-1410, -1405.

¶5   The superior court held an eight-day trial. John testified that Navarette performed oral sex on him. John's sister testified that John told her about the incident that night and she even found Navarrete still lying in John's bed afterwards. The jury found Navarrete guilty of one count of sexual conduct with a minor, a class 6 felony when a victim is older than

---

[1]   We use a pseudonym to protect the victim's identity.

fifteen, and acquitted Navarette of the two other counts. A.R.S. § 13-1405(B).

**¶6**        The superior court initially sentenced Navarette to sixty days in jail followed by ten years of supervised probation. But Navarette rejected probation, so the court instead sentenced Navarette to the presumptive term of one year in prison with two days of presentence credit. Navarette was also required to register as a sex offender.

**¶7**        Navarrete timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶8**        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶9**        Navarette was present and represented by counsel at all critical stages of the proceeding, except when counsel waived his presence. The record reflects that the superior court afforded Navarette all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Navarette's sentence is also within the range prescribed by law. We find no error on this record.

## CONCLUSION

**¶10**        We affirm Navarette's conviction and sentence. Defense counsel's obligations in this appeal will end once Navarette is informed of the outcome and his future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Navarette has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

